# Illinois Official Reports

## Appellate Court

*NorthShore University Healthsystem v. Illinois Department of Revenue*,
2017 IL App (1st) 153647

| | |
|---|---|
| Appellate Court Caption | NORTHSHORE UNIVERSITY HEALTHSYSTEM, Plaintiff-Appellant, v. THE ILLINOIS DEPARTMENT OF REVENUE, THE BOARD OF EDUCATION OF NILES TOWNSHIP HIGH SCHOOL DISTRICT NO. 219, and ADMINISTRATIVE LAW JUDGE KENNETH J. GALVIN, Defendants-Appellees. |
| District & No. | First District, Second Division<br>Docket No. 1-15-3647 |
| Filed<br>Rehearing denied | March 28, 2017<br>April 21, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 15-CH-10306; the Hon. Rita Novak, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Mayer Brown LLP (Timothy S. Bishop, Tyrone C. Fahner, Patrick J. McNerney, Daniel K. Storino, and Alexandra L. Newman, of counsel), McCarthy & Associates (Thomas J. McCarthy, Chelsea K. Skaw, and Jeffrey W. Finke, of counsel), and Thomas M. Tully & Associates (Thomas M. Tully and John J. Tully, Jr., of counsel), all of Chicago, for appellant.<br><br>Lisa Madigan, Attorney General, of Chicago (David L. Franklin, Solicitor General, and Christina T. Hansen, Assistant Attorney General, of counsel), for appellees Illinois Department of Revenue and Kenneth J. Galvin. |

Hauzer Izzo, LLC, of Flossmoor (John M. Izzo and Eugene C. Edwards, of counsel), for other appellee.

Panel JUSTICE PIERCE delivered the judgment of the court, with opinion. Presiding Justice Hyman and Justice Neville concurred in the judgment and opinion.

**OPINION**

¶ 1 NorthShore University Healthsystem (NorthShore) was granted certain property tax exemptions by the Illinois Department of Revenue (Department). The local school district filed timely applications for hearings with the Department to challenge some of the Department's exemption decisions. NorthShore moved to dismiss the petitions, contending that the Department lacked jurisdiction where the petitions for hearing failed to set forth the mistakes alleged to have been made or the new evidence to be presented at the hearing, as required by statute. An administrative law judge (ALJ) denied the motion to dismiss. NorthShore filed a complaint in the circuit court seeking equitable relief from the ALJ's order. The circuit court dismissed NorthShore's complaint for lack of subject matter jurisdiction, since NorthShore had not exhausted its administrative remedies. NorthShore appeals. For the following reasons, we affirm.

¶ 2 BACKGROUND

¶ 3 NorthShore University Healthsystem is an Illinois not-for-profit hospital system that owns and operates Skokie Hospital. NorthShore filed applications with the Cook County Board of Review seeking property tax exemptions for tax years 2009, 2010, and 2011 for all tax parcels comprising Skokie Hospital's campus.[1] The applications sought exemptions under multiple sections of the Property Tax Code (35 ILCS 200/1-1 *et seq.* (West 2010)), and specifically sought exemptions as a school (35 ILCS 200/15-35(a) (West 2010)) and as a charitable purpose (35 ILCS 200/15-65 (West 2010)), as well as exemptions for the campus's parking areas (35 ILCS 200/15-125 (West 2010)). In response to each 1of the applications, Niles Township High School District No. 219 (District) sought leave to intervene before the Illinois Department of Revenue.[2]

---

[1]NorthShore filed its applications with the Cook County Board of Review for property tax exemptions for tax year 2009 on December 2, 2009, for tax year 2010 on June 28, 2011, and for tax year 2011 on March 30, 2012.

[2]The District sent letters to the Department, requesting to intervene in the Department proceedings related to NorthShore's applications. The District's letter for tax year 2009 was dated June 29, 2011, for tax year 2011, the letter was dated July 31, 2012, and for tax year 2012 the letter was dated September 9, 2013. The record does not contain any information regarding whether those requests were granted or whether the District participated in any proceedings before the Department.

¶ 4       In September 2011, then-Governor Patrick Quinn issued a moratorium on Department actions related to not-for-profit hospital tax exemptions in the wake of our supreme court's decision in *Provena Covenant Medical Center v. Department of Revenue*, 236 Ill. 2d 368 (2010). See Kathy Bergen & Moritz Honert, *Illinois Nonprofit Hospitals Get Reprieve on Re-evaluation of Tax-Exempt Status*, Chi. Trib., Sept. 23, 2011.

¶ 5       The General Assembly subsequently enacted Public Act 97-688, 1§ 5-55 (eff. June 14, 2012) (adding 35 ILCS 200/15-86), which created a "charitable property tax exemption to be applied to not-for-profit hospitals and hospital affiliates in lieu of the existing ownership category of 'institutions of public charity'." The Department then instructed NorthShore to file additional exemption applications directly to the Department under section 15-86 of the Property Tax Code for the tax years 2009, 2010, and 2011. NorthShore also filed a section 15-86 exemption application for tax year 2012 with the Cook County Board of Review for Skokie Hospital.

¶ 6       Between April and October 2013, the Department granted NorthShore certain property tax exemptions for the tax years 2009 through 2012, and issued exemption certificates to NorthShore. The exemption certificates did not identify under which section of the Property Tax Code the exemptions were granted.

¶ 7       After the exemptions were granted, the District filed letters with the Department, requesting hearings on NorthShore's exemptions. The District's requests for hearing in connection with NorthShore's exemptions for tax years 2009 through 2011 each stated that the District "is requesting a formal hearing regarding the granting of NorthShore's *** tax exemption." The letters requested that the Department "advise as soon as possible" whether any other steps needed to be taken "in order to have a formal hearing" before the Department. The District's letter in connection with the 2012 exemptions stated that the District was requesting a formal hearing "because it believe[d] NorthShore was not entitled to such exemptions based upon the deficiencies of NorthShore's submissions and because of the invalidity of the provision of the Property Tax Code (35 ILCS 200/15-86) of which NorthShore relies."[3] The letter again requested the Department to "advise as soon as possible if any other steps need to be taken in order to have a formal hearing set before [the Department]."

¶ 8       Relevant to this appeal, NorthShore filed a motion to dismiss the administrative proceedings for lack of jurisdiction.[4] It argued that the District's letters did not comply with section 8-35(b) of the Property Tax Code (35 ILCS 200/8-35(b) (West 2012)) because the letters did not identify any mistakes made by the Department in its exemption decisions or identify any new evidence that would be presented at a hearing. NorthShore argued section

---

[3]Although not germane to the issues on appeal before us, we note that section 15-86 of the Property Tax Code (35 ILCS 200/15-86 (West 2014)) was held unconstitutional in *Carle Foundation v. Cunningham Township*, 2016 IL App (4th) 140795. However, on March 23, 2017, our supreme court vacated the appellate court's judgment due to a lack of appellate jurisdiction and remanded the matter to the circuit court for further proceedings. *The Carle Foundation v. Cunningham Township*, 2017 IL 120427.

[4]Also not germane to the issues on appeal is NorthShore's motion to dismiss the District's challenge to the 2009 and 2010 exemptions as untimely. The ALJ granted the motion in part, finding the District's challenge to the 2010 exemption untimely.

8-35(b) allows a party aggrieved by the Department's exemption decision to file an application for hearing, but that section 8-35(b) requires that the application "shall state concisely the mistakes alleged to have been made or the new evidence to be presented." 35 ILCS 200/8-35(b) (West 2010). NorthShore contended that the use of "shall" indicated that an application that did not set forth any alleged errors or evidence to be presented did not properly invoke the Department's jurisdiction.

¶ 9 In a written order, the ALJ denied NorthShore's motion to dismiss. The ALJ first looked to section 110.145(c) of the Illinois Administrative Code (86 Ill. Adm. Code 110.145(c) (2012)), which states that: "Petitions for hearing shall state concisely the mistakes alleged to have been made or the new evidence to be presented." The ALJ then observed that section 110.145(h) of the Administrative Code states that section 200.120(a) of the Administrative Code applies to proceedings under the Property Tax Code. 86 Ill. Adm. Code 110.145(h) (2012). Section 200.120(a) of the Administrative Code provides that, for non-income tax matters, "no communication with the Department shall be considered a valid protest unless, at the very least, it is timely, in writing, clearly identifies the particular action (assessment, deficiency, denial of claim, etc.) of the Department that is being protested and specifically requests a hearing thereon." 86 Ill. Adm. Code 200.120(a) (2012). The ALJ found that he was bound to follow the Department's rules and to construe them together to produce a "harmonious whole." Viewing the provisions together, he found that the District's requests for a hearing identified the action being protested, which satisfied section 8-35 of the Property Tax Code and section 110.145(c) of the Administrative Code. The ALJ determined that because the Department's exemption certificates did not identify the statutory basis for the exemptions, "requiring the [District] to file a more extensive or specific protest would be unreasonable." The ALJ therefore denied NorthShore's motion to dismiss.

¶ 10 NorthShore moved to reconsider. The Department filed a brief in support of NorthShore's motion to reconsider, urging the ALJ to dismiss the District's petitions for failing to specify the basis for its challenge or identify any new evidence to be considered at a hearing. The Department did not, however, argue that the dismissal should be based on a lack of jurisdiction. The ALJ denied the motion to reconsider.

¶ 11 On July 2, 2015, NorthShore filed a five-count complaint in the circuit court against the Department, the District, and the ALJ (collectively, defendants). The complaint sought a writ of prohibition, a writ of *mandamus*, injunctive and declaratory relief, and a writ of *certiorari*, all premised on the Department's alleged lack of jurisdiction over the District's applications.

¶ 12 The defendants moved to dismiss NorthShore's complaint. The District filed a combined section 2-615 and section 2-619 motion to dismiss to pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2014)), while the Department and the ALJ filed a motion to dismiss pursuant section 2-619 of the Code (735 ILCS 5/2-619 (West 2014)). All of the defendants' section 2-619 motions argued that the circuit court lacked subject matter jurisdiction because NorthShore failed to exhaust its administrative remedies since "[n]o action for the judicial review of any exemption decision of the Department shall be allowed unless the party commencing the action has filed an application for a hearing and the Department has acted upon the application." 35 ILCS 200/8-35(b) (West 2010). The Department and the ALJ additionally argued that whether the District's applications were defective for failing to comply with a mandatory statutory requirement did not affect the Department's authority to hear the applications. The District also argued that none of

NorthShore's claims were well-pleaded and therefore subject to dismissal pursuant to section 2-615 of the Code.

¶ 13 In response, NorthShore argued that section 8-35(b) does not preclude a "ruled-exempt party's ability to seek immediate judicial review of an agency's authority in the underlying proceedings when a purported intervenor has submitted incurably deficient applications for formal hearing." NorthShore argued that its complaint only sought equitable relief and raised purely legal challenges to the Department's authority and jurisdiction. NorthShore further argued that, based on the plain language of section 8-35(b), the use of "shall" in connection with the application requirements made those requirements both mandatory and jurisdictional. It analogized an application by the District for hearing under section 8-35(b) to filing of a notice of appeal pursuant to Illinois Supreme Court Rule 303 (eff. Jan. 1, 2015).

¶ 14 On December 15, 2015, the circuit court conducted a hearing and issued an oral ruling on the motions. The trial court framed the issue as whether the ALJ did something beyond the Department's jurisdiction as opposed to having possibly committed a type of error subject to administrative review. It also considered the distinction between mandatory and directory uses of "shall," and whether the use of "shall" in section 8-35(b) indicates a mandatory requirement that is also jurisdictional. The circuit court found that the ALJ's decision was not beyond the authority of the Department to act, since the Department has the authority to grant exemptions and hold administrative hearings. The trial court found that the exhaustion of administrative remedies is not excused where there is an error by an administrative agency, and therefore NorthShore was required to exhaust its administrative remedies before seeking review of the ALJ's decision. The circuit court concluded that whether the ALJ's interpretation of the statute was mistaken was an issue that could ultimately be addressed on administrative review. The circuit court granted the defendants' section 2-619 motions to dismiss with prejudice "for the reasons stated by the court which are in the transcript of the proceedings which are incorporated herein." NorthShore filed this timely appeal.

¶ 15                                                    ANALYSIS

¶ 16 On appeal, NorthShore raises similar arguments to those advanced in its motion to dismiss the administrative proceedings and in its response to the defendants' motions to dismiss. NorthShore argues that it was not required to exhaust its administrative remedies before collaterally attacking the ALJ's decision because section 8-35(b) of the Property Tax Code (35 ILCS 200/8-35(b) (West 2010)) requires that an application for hearing identify either a mistake made by the Department in its exemption decision or new evidence that will be offered at a hearing, and this requirement is both mandatory and jurisdictional. It argues that the purpose of identifying mistakes or new evidence in the hearing application is to apprise the Department and ruled-exempt property owners of the substantive basis of a challenge, thereby protecting both the Department and the property owner from baseless challenges to the Department's exemption decisions. NorthShore contends that, by failing to identify any mistake or new evidence, the District's letters in this case were not applications for hearings and that the ALJ could not rewrite or ignore the plain language of the statute to create an exception based on the ALJ's view that it would be "unreasonable" to require specificity in a request for hearing where the exemption certificate did not set forth the basis for the exemption. NorthShore's position is essentially that, when faced with a request for hearing that

does not comply with section 8-35(b), the Department is required to dismiss the request on jurisdictional grounds.

¶ 17     The trial court dismissed NorthShore's complaint pursuant to section 2-619 of the Code for failure to exhaust its administrative remedies. We review a circuit court's ruling on a section 2-619 motion *de novo*. *Patrick Engineering, Inc. v. City of Naperville*, 2012 IL 113148, ¶ 31. *De novo* review also applies to issues of statutory construction (*J&J Ventures Gaming, LLC v. Wild, Inc.*, 2016 IL 119870, ¶ 25), as well as to questions regarding whether an administrative agency has jurisdiction (*Modrytzkji v. City of Chicago*, 2015 IL App (1st) 141874, ¶ 10).

¶ 18     The Illinois Constitution provides that:

> "Circuit Courts shall have original jurisdiction of all justiciable matters except when the Supreme Court has original and exclusive jurisdiction relating to redistricting of the General Assembly and to the ability of the Governor to serve or resume office. Circuit Courts shall have such power to review administrative action as provided by law." Ill. Const. 1970, art. VI, § 9.

A court exercises special statutory jurisdiction when reviewing an administrative decision, and thus "[a] party seeking to invoke a court's special statutory jurisdiction must strictly comply with the procedures prescribed by the statute." *Ultsch v. Illinois Municipal Retirement Fund*, 226 Ill. 2d 169, 178 (2007).

¶ 19     The Property Tax Code embodies a comprehensive scheme regulating the assessment and collection of taxes. *Millennium Park Joint Venture, LLC v. Houlihan*, 241 Ill. 2d 281, 295-96 (2010). In Cook County, a property owner may seek a property tax exemption by filing an application with the county board of review, and the applicant is required to give notice to any school district, along with other districts, in which the property is located. 35 ILCS 200/15-5, 16-130 (West 2010). The county board of review then notifies the Department of a non-final determination as to whether the property is exempt, and the Department determines whether the property is legally liable for taxation. 35 ILCS 200/16-130 (West 2010). The applicant is then informed of the Department's decision by certified mail. 35 ILCS 200/8-35(b) (West 2010). After the Department's decision is made and notice is given, section 8-35(b) provides that:

> "[A]ny party to the proceeding who feels aggrieved by the decision may file an application for hearing. The application shall be in writing and shall be filed with the Department within 60 days after notice of the decision has been given by certified mail. Petitions for hearing shall state concisely the mistakes alleged to have been made or the new evidence to be presented.
>
> If a petition for hearing is filed, the Department shall reconsider the exemption decision and shall grant any party to the proceeding a hearing. As soon as practical after the reconsideration and hearing, the Department shall issue a notice of decision by mailing the notice by certified mail. The notice shall set forth the Department's findings of fact and the basis of the decision.
>
> ***
>
> No action for the judicial review of any exemption decision of the Department shall be allowed unless the party commencing the action has filed an application for a hearing and the Department has acted upon the application." 35 ILCS 200/8-35(b) (West 2010).

¶ 20    The Administrative Code, rather than the Property Tax Code, sets forth the practice and procedure for hearings before the Department (86 Ill. Adm. Code 110.145 (2012)), and section 200.120 of the Administrative Code sets forth specific requirements for a request for hearing before the Department (86 Ill. Adm. Code 200.120(a) (2012)) ("For all non-income tax matters, no communication with the Department shall be considered a valid protest unless, at the very least, it is timely, in writing, clearly identifies the particular action (assessment, deficiency, denial of claim, etc.) of the Department that is being protested and specifically requests a hearing thereon."). Section 200.120(c) provides for amendments to a protest (86 Ill. Adm. Code 200.120(c) (2012)), and subsection (d) provides that motions to dismiss or strike a protest or a request to amend a protest are to be brought before the ALJ (86 Ill. Adm. Code 200.120(d) (2012)).[5] Once a matter has been docketed by the Department, the parties may initiate discovery. 86 Ill. Adm. Code 200.125 (2012). If the matter is voluntarily or involuntarily dismissed prior to a formal hearing, the Department may conclude the case by way of an office disposition issued by the ALJ assigned to the case. 86 Ill. Adm. Code 200.162 (2012). Otherwise, the matter proceeds to a hearing, after which the ALJ submits a recommendation to the Department's director, who may accept or reject the recommendation, in whole or in part, and issue a final administrative decision or may remand the matter to the ALJ for additional proceedings. 86 Ill. Adm. Code 200.165 (2012).

¶ 21    The Department's decision becomes final 30 days after issuance if no party requests rehearing. 35 ILCS 200/8-35(b) (West 2010). If a request for rehearing is filed, the Department may either grant or deny the request, and if granted, it will issue a revised decision. *Id.* The Department's decision becomes final either upon the denial of a request for rehearing, or upon the issuance of a revised decision. *Id.* Once the Department's decision becomes final, meaning an application for hearing was filed and the Department has acted upon the application, the Department's final decision may be reviewed pursuant to the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2010)).

¶ 22    Under the plain language of section 8-35(b), the right to pursue administrative review of a Department decision requires that the Department has acted upon an application for hearing and has issued a final decision pursuant to both the Administrative Code and Property Tax Code. Put another way, the circuit court has no jurisdiction to engage in an administrative review of a Department order unless the party seeking review has exhausted its administrative remedies.

¶ 23    The exhaustion of administrative remedies doctrine "has long been a basic principle of administrative law—a party aggrieved by administrative action ordinarily cannot seek review in the courts without first pursuing all administrative remedies available to him." *Illinois Bell Telephone Co. v. Allphin*, 60 Ill. 2d 350, 357-58 (1975). The exhaustion doctrine allows the administrative agency to fully develop a record, and apply its expertise to the facts before it, and allows a party to ultimately succeed before the agency without resorting to administrative review in the courts. *Illinois Health Maintenance Organization Guaranty Ass'n v. Shapo*, 357 Ill. App. 3d 122, 130 (2005) (citing *Castaneda v. Illinois Human Rights Comm'n*, 132 Ill. 2d 304, 308 (1989)). "The doctrine also helps protect agency processes from impairment by

---

[5]Motion practice before the Department is governed by section 120.185 of the Administrative Code (86 Ill. Adm. Code 200.185 (2012)), which permits motions authorized under the Code of Civil Procedure, unless inconsistent with administrative practice or procedure.

avoidable interruptions, allows the agency to correct its own errors, and conserves valuable judicial time by avoiding piecemeal appeals." *Castaneda*, 132 Ill. 2d at 308. Strict compliance with the doctrine is generally required, although there are several exceptions. *Id.* at 308-09. One such exception is where the agency's jurisdiction is attacked. *Id.*; *Newkirk v. Bigard*, 109 Ill. 2d 28, 35 (1985).

¶ 24 "Although the term 'jurisdiction' is not strictly applicable to an administrative agency, it may be used to refer to the authority of the administrative agency to act." *J&J Ventures Gaming, LLC v. Wild, Inc.*, 2016 IL 119870, ¶ 23 n.6 (citing *Business & Professional People for the Public Interest v. Illinois Commerce Comm'n*, 136 Ill. 2d 192, 243 (1989)). "An administrative agency 'only has the authorization given to it by the legislature through the statutes. Consequently, to the extent an agency acts outside its statutory authority, it acts without jurisdiction.' " *Farrar v. City of Rolling Meadows*, 2013 IL App (1st) 130734, ¶ 14 (quoting *Business & Professional People*, 136 Ill. 2d at 243). An administrative agency's "jurisdiction" comprises three aspects: personal jurisdiction over the parties; subject matter jurisdiction, meaning the power to hear and determine causes of the general class of cases to which the particular case belongs; and the scope of authority under the enabling statute. *Newkirk*, 109 Ill. 2d at 36.

¶ 25 In *Newkirk*, the plaintiffs filed a complaint in the circuit court for declaratory judgment, which attempted to collaterally attack an order issued by the Illinois mining board. The plaintiffs asserted that the mining board lacked jurisdiction to issue the order because the order failed to include certain provisions required by statute and therefore the order was void. *Id.* at 32. The circuit court dismissed the portion of the plaintiffs' declaratory judgment complaint that sought to set aside the mining board's order. Our supreme court affirmed, finding that the statute at issue imposed a mandatory rather than a permissive obligation on the mining board to comply with the statute, and thus the mining board's order was defective, but also found that the mining board had authority to issue the order. *Id.* at 34. The court observed that the mining board had personal jurisdiction over the parties, subject matter jurisdiction over the general class of cases involved, and the inherent authority to issue the order. *Id.* at 37. The court concluded that "[a]n agency's jurisdiction or authority is not lost merely because its order may be erroneous." *Id.* The order was voidable rather than void and thus not subject to collateral attack in a declaratory judgment action. *Id.* at 40.

¶ 26 The situation here is no different than the one in *Newkirk*. NorthShore contends that the Department lacked jurisdiction to consider the District's request for a hearing where the District's petitions did not comply with section 8-35(b). There is no dispute that the Department had personal jurisdiction over the parties. There is also no dispute that the Department has subject matter jurisdiction to consider and rule on petitions for hearing in connection with already-issued property tax exemptions, and thus has the power to hear and determine the general class of cases to which the underlying cause belongs. Furthermore, it is clear that the ALJ had the inherent authority to rule on the District's petitions for hearing and on NorthShore's motion to dismiss. Therefore, the ALJ and the Department had the authority to consider the District's petition's for hearing and rule on NorthShore's motion to dismiss.

¶ 27 The ALJ's interlocutory order is voidable rather than void, and thus NorthShore was required to exhaust its administrative remedies prior to filing any action in the circuit court. Whether the ALJ's denial of NorthShore's motion to dismiss the District's petitions is correct, and whether the District was entitled to the relief sought in its petitions for hearings, are

questions that can be determined during further proceedings before the Department or on administrative review after a final decision is rendered by the Department, if necessary.

¶ 28                                                     CONCLUSION

¶ 29        The trial court properly dismissed NorthShore's complaint for administrative review, collaterally attacking the ALJ's denial of NorthShore's motion to dismiss, where the Department had personal jurisdiction over the parties, subject matter jurisdiction over the District's petitions for hearing in connection with NorthShore's property tax exemptions, and the inherent authority to rule on the District's petitions for hearing and NorthShore's motion to dismiss. The trial court did not err in finding that NorthShore failed to exhaust its administrative remedies and did not err in dismissing NorthShore's complaint pursuant to section 2-619 for lack of subject matter jurisdiction.

¶ 30        For the foregoing reasons, we affirm the trial court's judgment.

¶ 31        Affirmed.