2023 IL App (1st) 221081-U

No. 1-22-1081

Order filed August 3, 2023

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| FOX RIVER GARDENS, LLC, and CHAMPION INVESTMENTS IL, LLC, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | No. 21 CH 5473 |
| THE ILLINOIS DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION, and BRET BENDER, in His Capacity as Deputy Director, | ) ) ) ) | Honorable |
| | ) ) | Allison C. Conlon, |
| Defendants-Appellees. | ) | Judge, presiding. |

PRESIDING JUSTICE LAMPKIN delivered the judgment of the court.
Justices Hoffman and Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Where plaintiffs sued an Illinois department based on plaintiffs' unsuccessful applications for cannabis dispensary licenses, the circuit court properly dismissed plaintiffs' complaint for declaratory relief because they failed to timely file a claim for administrative review, which was their sole remedy for their claims.

¶ 2    After plaintiffs, Fox River Gardens, LLC, and Champion Investments Illinois, LLC,

unsuccessfully applied for cannabis dispensary licenses, they sued defendants, the Illinois

Department of Financial and Professional Regulations (Department), and Bret Bender, in his capacity as Deputy Director, for declaratory relief, arguing that the licensing process was invalid and must begin anew. The circuit court dismissed the complaint with prejudice based on lack of subject matter jurisdiction, ruling that plaintiffs failed to timely file a claim for administrative review, which was plaintiffs' sole remedy in this case.

¶ 3        On appeal, plaintiffs argue that (1) the circuit court had subject matter jurisdiction because their declaratory relief action, which alleged claims of violations of procedural and substantive due process, the equal protection clause, and the special legislation clause of the Illinois Constitution, were exempt from administrative review as facial constitutional challenges and as claims that the Department acted without jurisdiction, (2) they sufficiently pled claims on which relief may be granted, and (3) the circuit court abused its discretion by not granting them leave to filed an amended complaint.

¶ 4        For the reasons that follow, we affirm the judgment of the circuit court.[1]

¶ 5                                 I. BACKGROUND

¶ 6        Illinois legalized the cultivation, sale, and use of cannabis by adults in the Cannabis Act, 410 ILCS 705/1-1 *et seq.* (West 2020), which became effective in June 2019. Among other things, the Cannabis Act directed the Department to issue up to 75 conditional dispensary licenses across 17 geographic regions to qualified applicants by May 1, 2020 (*id.* § 15-25(a), (c)), and provided

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

criteria for reviewing and scoring applications[2] (*id*. § 15-30(c), (d)). Those criteria covered an array of topics about the proposed business and its ownership, including by awarding five points to applicants that were majority-owned and controlled by veterans. *Id.* § 15-30(c). An applicant that satisfied all of the statutory criteria, and received two bonus points for having a community engagement plan, would receive a perfect score of 252 points.[3] *Id*. § 15-30(c), (d). If there were more top-scoring applicants than available licenses in a given region, the licenses would be allocated among those applicants by a lottery. 68 Ill. Admin. Code § 1291.50.

¶ 7      While the process for allocating the first round of licenses was still underway, the Illinois General Assembly amended the Cannabis Act, effective July 15, 2021, to provide for two additional rounds of up to 55 licenses each that would be awarded by lottery to applicants that satisfied specific criteria. See 410 ILCS 705/15-35, 15-35.10 (West 2022). One round of licenses would be distributed among applicants that had received at least 85% of the total available points through a "Qualifying Applicant Lottery." *Id.* § 15-35; see *id*. § 1-10 (defining "Qualifying Applicant"). Another round would be distributed among applicants that had received at least 85% of the total available points and also qualified as a "Social Equity Justice Involved Applicant" through the "Social Equity Justice Involved Lottery." *Id*. § 15-35.10; see *id*. § 1-10 (defining "Qualifying Social Equity Justice Involved Applicant").

---

[2] An applicant that received a conditional license was then required to identify a physical retail location and pay a license fee before receiving a full dispensary license that permitted it to act as a dispensing organization. 410 ILCS 705/15-25(e) (West 2020). Because this appeal involves only conditional dispensary licenses, we refer to them simply as "licenses" in this order.

[3] The two bonus points were available only when the Department received multiple applications for a single geographic region that garnered equal scores. 410 ILCS 705/15-30(d) (West 2020).

¶ 8    Plaintiffs submitted license applications by the deadline in January 2020. After the applications were scored, the Department determined that more applicants received perfect scores than there were available licenses in each region, and that the licenses would therefore be allocated among those applicants by a lottery.

¶ 9    In addition, the Department received complaints about the deficiency notices it had sent to applicants that had not received a perfect score, as well as other issues about the scoring process. In September 2020, the Department announced that it would send applicants that had not received a perfect score a supplemental deficiency notice and allow them to submit an amended application, seek review of their original application for scoring errors or inconsistencies, or do nothing and keep the current score. But the Department stated that applicants could not make ownership changes in response to the supplemental deficiency notices except in two circumstances not relevant here. The Department explained that applicants could not qualify for more points than they were entitled to receive at the time their applications were submitted based on new ownership changes that occurred at this point in the process. *Id*.

¶ 10   The Department conducted the Qualifying Applicant Lottery on July 29, 2021; conducted the Social Equity Justice Involved Lottery on August 5, 2021; and conducted the lottery for those applicants that had received perfect scores ("Tied Applicant Lottery") on August 19, 2021.

¶ 11   Both plaintiffs were awarded 245 points, receiving all available points except for the five points for veteran ownership and two bonus points. See 410 ILCS 705/15-30(c), (d) (West 2020). Fox River Gardens received its score through the initial scoring process and Champions Investments received its score through the supplemental deficiency notice process. Based on those

scores, plaintiffs qualified for, and participated in, both the Qualifying Applicant Lottery and the Social Equity Justice Involved Lottery, but not the Tied Applicant Lottery. Plaintiffs did not receive any licenses because they did not have any winning entries.

¶ 12 The Department issued its final administrative decision announcing the winners of the three lotteries on September 3, 2021. Several parties then filed actions for judicial review of the Department's decision under the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2020)) that were later consolidated in the Circuit Court of Cook County as *In re Cannabis Dispensary Litigation*, No. 21 CH 5180.

¶ 13 On October 27, 2021, weeks after the 35-day deadline for filing an action for judicial review of the Department's decision under the Administrative Review Law had passed (see 735 ILCS 5/3-103 (West 2020)), plaintiffs filed this declaratory judgment action in the circuit court. In their complaint, plaintiffs raised four claims. Plaintiffs claimed that (1) defendants violated their right to procedural due process by not providing a hearing where they could contest the Department's "scoring system and final scoring decisions"; (2) the licensing process was irrational and violated substantive due process because it failed to achieve the Cannabis Act's social equity objectives and was unduly preferential to veterans; (3) defendants violated equal protection by not re-reviewing the applications that originally received perfect scores during the supplemental deficiency notice process or allowing applicants to change their ownership status to satisfy the veteran criterion during that time; and (4) section 15-30(c)(9) of the Cannabis Act, which granted five points to veteran-owned applicants (410 ILCS 705/15-30(c)(9) (West 2020)), violated the Special Legislation Clause of the Illinois Constitution, Ill. Const. art. IV, § 13 because, according

to plaintiffs, veteran ownership became a mandatory requirement to obtain a license when there were enough perfect scores to trigger a lottery.

¶ 14    Plaintiffs contended that declaratory relief was appropriate because an actual controversy existed regarding their ability to obtain a license. They sought several declarations to the effect that the Department committed errors and failed to properly perform its statutory duties when processing and scoring the applications, the lottery results were invalid, and the application process "should be redone" without the veterans' points.

¶ 15    Defendants moved to dismiss the action under section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2020)), which allows a defendant to seek dismissal under sections 2-615 and 2-619 of the Code in a single motion. Defendants argued that the court should dismiss the complaint under section 2-619(a)(1) because the court lacked subject matter jurisdiction over the case or under section 2-615 because plaintiffs failed to state a claim or name all necessary parties.

¶ 16    On jurisdiction, defendants argued that the General Assembly adopted the Administrative Review Law as the exclusive method for reviewing the Department's final decision in the Cannabis Act. See 410 ILCS 705/15-175 (West 2020) (providing for "judicial review under the provisions of the Administrative Review Law"). Defendants explained that the Administrative Review Law therefore governed any proceedings to review the Department's decision and that plaintiffs failed to invoke the court's jurisdiction under that statute by not filing a timely complaint, in contrast to the parties that had initiated the ongoing Administrative Review Law proceeding.

Defendants concluded that plaintiffs could not make "an end-run around" that jurisdictional requirement by attacking the Department's decision through this declaratory judgment action.

¶ 17    On the merits, defendants argued that plaintiffs failed to state a claim on which relief may be granted. Defendants asserted that plaintiffs could not succeed on a procedural due process claim because the Administrative Review Law provided them with a method for obtaining judicial review of the Department's decision, which was sufficient to satisfy due process, but they failed to avail themselves of that process. Defendants also argued that plaintiffs failed to state an equal protection claim regarding the supplemental deficiency notice process because it was rational for the Department to re-review only applications that did not initially receive a perfect score when the purpose of that process was to provide relief to applicants that should have received a perfect score. On the claims regarding the veteran ownership points in section 15-30(c)(9) of the Cannabis Act, defendants explained that plaintiffs did not state a facial constitutional challenge to that provision because that claim depended on the specific facts of this case, where there were more perfect scores than available licenses. Defendants further argued that plaintiffs failed to state an as-applied claim because that provision satisfied rational basis review, noting the benefits of encouraging veteran ownership in this market. In addition, defendants contended that dismissal was warranted because the winning applicants, whom plaintiffs did not name as parties to this action, would have been adversely affected by a judgment in plaintiffs' favor and were necessary parties.

¶ 18    Plaintiffs responded that the Administrative Review Law did not apply because they were challenging the constitutionality of the Department's process for awarding licenses, rather than the

final decision itself. Plaintiffs also argued that they stated a due process claim by alleging that the Department did not provide them with proper notice of the scoring process or a hearing at which they could challenge the Department's policies, and that the supplemental deficiency notice process and the availability of review under the Administrative Review Law were irrelevant. They added that the failure to name all necessary parties was not a basis for dismissal.

¶ 19    Defendants argued in reply that longstanding precedent had established that the Administrative Review Law provides the exclusive method for review of an agency's decision when, as in the Cannabis Act, the governing statute adopts the Administrative Review Law, and that plaintiffs were really challenging the Department's final decision here because a judgment in their favor would result in a reversal of that decision. Defendants explained that the exceptions to the Administrative Review Law for actions that challenge an agency's jurisdiction or claim that the statute it administered was facially unconstitutional did not apply because the Department indisputably had authority to issue licenses, any alleged errors in exercising that authority would not affect its jurisdiction, and the challenge to the veteran ownership points was an as-applied claim. Finally, defendants reiterated that plaintiffs failed to state a claim, pointing out that plaintiffs had notice of the veteran ownership points prior to applying, plaintiffs participated in two of the lotteries despite not having a perfect score, and there was no legal requirement to provide plaintiffs with a separate hearing before the Department issued its final decision.

¶ 20    Following a hearing, the circuit court granted defendants' motion and dismissed this action with prejudice. The court held that it lacked subject matter jurisdiction because the Administrative Review Law provided the exclusive method for reviewing the Department's final decision, and

plaintiffs' action did not fall within any of the exceptions to that rule. Specifically, the court concluded that plaintiffs did not raise a facial challenge to any statutory provisions or seek to invalidate any portions of the Cannabis Act. Rather, the court explained, plaintiffs claimed that the Cannabis Act was "invalid as-applied to their applications." The court therefore stated that the Administrative Review Law provided plaintiffs' sole remedy in this case and dismissed their action for lack of subject matter jurisdiction.

¶ 21    Plaintiffs appealed.

¶ 22                                II. ANALYSIS

¶ 23    Section 2-619.1 of the Code allows a defendant to file a combined motion to dismiss under sections 2-615 and 2-619 in a single filing. 735 ILCS 5/2-619.1 (West 2020).  A section 2-615 motion to dismiss tests the legal sufficiency of a complaint and will be granted when, taking the allegations in the light most favorable to the plaintiff, the complaint fails to state a claim on which relief may be granted.  735 ILCS 5/2-615 (West 2020); *Dent v. Constellation NewEnergy, Inc.*, 2022 IL 126795, ¶ 25.  A section 2-619 motion to dismiss admits the legal sufficiency of the complaint but asserts a matter outside of the pleadings, such as a lack of subject matter jurisdiction that defeats the plaintiff's claim.  735 ILCS 5/2- 619(a)(1) (West 2020); *Dawkins v. Fitness International, LLC*, 2022 IL 127561, ¶ 24.  The circuit court dismissed plaintiffs' complaint under section 2-619(a)(1) of the Code because plaintiffs failed to invoke the circuit court's special statutory jurisdiction by not filing a timely action to challenge the Department's decision under the Administrative Review Law. This court's review of a dismissal under either section 2-615 or 2-619 is *de novo*.  *O'Connell v. County of Cook*, 2022 IL 127527, ¶ 19.  On *de novo*

review, this court may affirm the circuit court on any basis supported by the record and law. *American Steel Fabricators, Inc. v. K&K Iron Works, LLC*, 2022 IL App (1st) 220181, ¶ 17.

¶ 24    On appeal, plaintiffs argue in part that the Administrative Review Law did not apply because they were not challenging the Department's final decision and, even if they were, their action was covered by exceptions to the requirement to proceed under the Administrative Review Law for facial constitutional challenges and claims that an agency acted without jurisdiction.

¶ 25    Defendants respond that the circuit court correctly dismissed this action because plaintiffs failed to invoke its special statutory jurisdiction to review an agency decision by not filing a timely complaint under the Administrative Review Law; the Administrative Review Law provided the exclusive method for reviewing the Department's decision; and plaintiffs' claims, which challenged how the Cannabis Act was applied in this case, did not fall within an exception to the Administrative Review Law.

¶ 26                        A. The Administrative Review Law

¶ 27    While Illinois courts, as courts of general jurisdiction, typically enjoy a presumption of subject matter jurisdiction, that presumption is inapplicable on administrative review because "courts are empowered to review administrative actions only 'as provided by law.' " *Illinois State Treasurer v. Illinois Workers' Compensation Commission*, 2015 IL 117418, ¶ 14 (quoting Ill. Const. art. VI, §§ 6, 9). The circuit court is said to exercise "special statutory jurisdiction" when it reviews an administrative decision pursuant to statute. *Ameren Transmission Co. of Illinois v. Hutchings*, 2018 IL 122973, ¶ 13. A court's special statutory jurisdiction is limited by the statute

that confers it, and a party seeking to invoke that jurisdiction must therefore "comply strictly with the procedures prescribed by the statute." *Id*. The Administrative Review Law grants the circuit court special statutory jurisdiction to review an administrative agency's final decision when the statute conferring an agency with the authority to act adopts the Administrative Review Law. 735 ILCS 5/3-102 (West 2020); see *Ryan v. Zoning Board of Appeals of City of Chicago*, 2018 IL App (1st) 172669, ¶ 9.

¶ 28    When the Administrative Review Law applies, it provides "the sole method" for reviewing the agency decision. *People ex rel. Madigan v. Burge*, 2014 IL 115635, ¶ 35; see 735 ILCS 5/3-102 (West 2020) ("In all such cases, any other statutory, equitable or common law mode of review of decisions of administrative agencies heretofore available shall not hereafter be employed."). Thus, when the governing statute adopts the Administrative Review Law, "a circuit court may not redress a party's grievance through any other type of action." *Goral v. Dart*, 2020 IL 125085, ¶ 40; see *De Jesus v. Policemen's Annuity & Benefit Fund of City of Chicago*, 2019 IL App (1st) 190486, ¶ 17 ("when applicable, the Administrative Review Law eliminates all other statutory, equitable, and common law actions to review decisions of an administrative agency"). The General Assembly enacted the Administrative Review Law "to provide a simple single review from specified administrative decisions." *Ardt v. Illinois Department of Professional Regulation*, 154 Ill. 2d 138, 148 (1992); see *Wabash County v. Illinois Municipal Retirement Fund*, 408 Ill. App. 3d 924, 929-30 (2011) ("The Review Law was designed to provide a single method of judicial review for decisions made by most administrative agencies and prohibits the use of preexisting methods to secure judicial review.").

¶ 29 The Cannabis Act adopts the Administrative Review Law and provides that all final decisions by the Department "shall be subject to judicial review" under its provisions. 410 ILCS 705/15-175(a) (West 2020). As a result, the Administrative Review Law "is the sole and exclusive method to obtain judicial review of a final administrative decision" (*Stykel v. City of Freeport*, 318 Ill. App. 3d 839, 843 (2001)) by the Department regarding cannabis licenses. Any party seeking to challenge the Department's decision on that matter therefore must file a complaint within 35 days of that decision to invoke the circuit court's special statutory jurisdiction. See 735 ILCS 5/3-103 (West 2020) (setting 35-day deadline); *Nudell v. Forest Preserve District of Cook County*, 207 Ill. 2d 409, 422 (2003) ("requirement that a complaint for administrative review be filed within the specified time limit is jurisdictional"). Plaintiffs did not invoke the circuit court's special statutory jurisdiction here because their action challenged the validity of the Department's final decision announcing the lottery winners for cannabis licenses, yet they failed to file a complaint in the circuit court by the 35-day deadline in the Administrative Review Law.

¶ 30 The allegations and requests for relief in plaintiffs' complaint indicate that their declaratory judgment action challenged the Department's final decision and sought to invalidate the lottery results. In their complaint, plaintiffs alleged that the Department committed errors when scoring and processing various applications and that the lotteries were biased against them. Plaintiffs then claimed that the process by which the lottery participants were selected, and the lottery results themselves, violated their constitutional rights. And plaintiffs asserted that declaratory relief was proper because an actual controversy existed regarding their failure to obtain a license through the lotteries.

¶ 31 Plaintiffs, moreover, sought declarations that the lottery results were invalid and that the licensing process must begin anew. To that end, plaintiffs asked the court to declare that the Department could not issue licenses based on the "current lottery results," the lottery results "should not be upheld," the licensing process "is invalid," and the application process "should be redone." It is thus clear from the allegations of error and requests for relief in plaintiffs' complaint that their action attacked the Department's final decision—a judgment in their favor would invalidate the lottery results. Plaintiffs were therefore required to challenge that decision through a timely action under the Administrative Review Law and they could not collaterally attack that decision through a later declaratory judgment action.

¶ 32 Although plaintiffs argue that the Administrative Review Law did not apply because their action challenged the Department's process, rather than the merits of its final decision, they are mistaken. The scope of review of an agency decision under the Administrative Review Law includes the propriety of the agency's procedures. See *Abrahamson v. Illinois Department of Professional Regulation*, 153 Ill. 2d 76, 92 (1992) (courts may "examine the procedural methods" followed by an agency under the Administrative Review Law); *M.F. Booker v. Board of Education of City of Chicago*, 2016 IL App (1st) 151151, ¶ 57 ("on administrative review, a reviewing court has a duty to examine the [agency's] procedural methods") (internal quotation marks omitted); *Kimble v. Illinois State Board of Education*, 2014 IL App (1st) 123436, ¶ 78 (court may "reverse the agency's decision" under the Administrative Review Law if its procedures were unlawful). Thus, the Administrative Review Law provides "the only avenue of review" of an agency's decision when a party seeks to challenge its procedures in rendering that decision. *Sierra Club v.*

*Office of Mines & Minerals of Department of Natural Resources*, 2015 IL App (4th) 140405, ¶ 24. The Administrative Review Law therefore provided the sole method for judicial review of the Department's final decision here, and the fact that plaintiffs' action sought to invalidate that decision based on alleged procedural errors does not alter that conclusion.

¶ 33    We also disagree with plaintiffs' argument that dismissing this action was inconsistent with the purpose of the Administrative Review Law. It is well settled that the General Assembly intended for the Administrative Review Law to eliminate the use of equitable, statutory, and common law actions to review agency decisions by "providing a single uniform method of review." *Outcom, Inc. v. Illinois Department of Transportation*, 233 Ill. 2d 324, 333 (2009); see *Ardt*, 154 Ill. 2d at 148 ("The legislature enacted the Administrative Review Law in order to provide a simple single review from specified administrative decisions."); *Porter v. Illinois State Board of Education*, 2014 IL App (1st) 122891, ¶ 23 (Administrative Review Law "was intended to *** provide uniformity in reviewing administrative decisions"); *Thompson v. Gordon*, 356 Ill. App. 3d 447, 455 (2005) (Administrative Review Law was enacted "to substitute a single, uniform, and comprehensive remedy" for preexisting methods of review). As a result, when a statute, like the Cannabis Act, adopts the Administrative Review Law, "other modes of review are unavailable." *Todd v. Chaviano*, 2019 IL App (5th) 170081, ¶ 23; see *De Jesus*, 2019 IL App (1st) 190486, ¶ 17 (Administrative Review Law "eliminates all other statutory, equitable, and common law actions to review [agency] decisions"); see also *Ultsch v. Illinois Municipal Retirement Fund*, 226 Ill. 2d 169, 179 (2007) (Administrative Review Law "was an innovation and a departure from the common law"). Allowing plaintiffs to collaterally attack the Department's decision through a

declaratory judgment action while timely Administrative Review Law actions challenging the same decision were pending in the circuit court would have negated one of the Administrative Review Law's core functions, which is to provide a single method to review an agency decision. Rather than contravene legislative intent, the circuit court's dismissal of this action gave effect to one of the Administrative Review Law's primary purposes.

¶ 34                                B. Exceptions to the Administrative Review Law

¶ 35    Plaintiffs argue that this action falls within two exceptions to the requirement to bring an action under the Administrative Review Law. Specifically, they rely on the exceptions for facial constitutional challenges to a statute and for claims that an agency acted without jurisdiction. See *Arvia v. Madigan*, 209 Ill. 2d 520, 532 (2004) (facial constitutional challenges); *NorthShore University Healthsystem v. Illinois Department of Revenue*, 2017 IL App (1st) 153647, ¶ 23 (agency acted without jurisdiction). Neither exception applied here.

¶ 36                                1. Facial Constitutional Challenges

¶ 37    First, plaintiffs did not raise a facial constitutional challenge to the Cannabis Act in their complaint. To state a facial constitutional claim, a plaintiff must allege that "no set of circumstances exists under which the statute would be valid." *Oswald v. Hamer*, 2018 IL 122203, ¶ 40; *Berrios v. Cook County Board of Commissioners*, 2018 IL App (1st) 180654, ¶ 30 ("The fact that a law could be found unconstitutional under some set of circumstances does not establish its facial invalidity."). An as-applied claim is fundamentally different in that it "challenges a legislative enactment as applied to the specific facts of a plaintiff's case." *Napleton v. Village of Hinsdale*, 229 Ill. 2d 296, 318 (2008).

¶ 38 Plaintiffs did not allege that any provision of the Cannabis Act was unconstitutional in all circumstances, and instead alleged only that the Cannabis Act is invalid as-applied to their applications. Plaintiffs alleged that the Department made various errors when scoring and processing applications, claimed that the Department's actions violated their constitutional rights, and asked the court to declare that the lottery results were invalid. They did not assert that any part of the Cannabis Act was unconstitutional in all circumstances or ask the court to declare that any portion of it was invalid.

¶ 39 Although plaintiffs claimed that the veteran ownership points provided in section 15-30(c)(9) of the Cannabis Act were unconstitutional to the extent they were required to participate in the Tied Applicant Lottery, that was an as-applied challenge that depended on the facts of this case. Section 15-30(c)(9), which is one of numerous scoring criteria adding up to 252 points, awarded five points to applicants that were majority-owned and controlled by veterans. 410 ILCS 705/15-30(c)(9) (West 2020). Plaintiffs assert that the veteran ownership points were unconstitutional because they were necessary to obtain a perfect score and a requirement to receive a license.

¶ 40 Plaintiffs' assertion, however, is incorrect. Section 15-30(c)(9) merely awarded five points, representing two percent of the total available points, to veteran-owned applicants. *Id.* The veteran points were not required to obtain a license, and applicants that did not receive those points, including plaintiffs, were able to participate in two of the three lotteries that awarded licenses. See 410 ILCS 705/15-35, 15-35.10 (West 2022) (providing for Qualifying Applicant Lottery and Social Equity Justice Involved Lottery). The veteran ownership points therefore acted in the same

manner as any other scoring criterion, and plaintiffs' own allegations refute any contention that veteran ownership was a requirement to obtain a license, even under the facts of this case. Applicants that did not receive a perfect score, including plaintiffs, could still obtain a license through two of the three lotteries.

¶ 41    Regardless, plaintiffs did not state a facial constitutional claim because the substance of their claim depended on the facts of this case. As explained, the statute, on its face, did not impose a veteran ownership requirement (see 410 ILCS 705/15-30(c)(9) (West 2020)), and plaintiffs contended that those points were unconstitutional because they "became a mandatory requirement" when there were more perfect scores than available licenses. Plaintiffs' claim therefore depended on the fact that there were more perfect scores than available licenses because, absent that fact, the veteran ownership points were unnecessary to participate in the Tied Applicant Lottery. Plaintiffs, moreover, could not allege that those points were required to obtain a license when two of the three lotteries did not require a perfect score.

¶ 42    On appeal, plaintiffs argue that they raised a facial claim because they alleged that the Department failed to adopt rules regarding the supplemental deficiency process under the Illinois Administrative Procedure Act ("Procedure Act"), 5 ILCS 100/1-1 *et seq*. (West 2020). To start, plaintiffs did not mention the Procedure Act in their complaint, or their response to defendants' motion to dismiss, much less allege a violation of that statute. They have therefore both failed to state a claim for a Procedure Act violation and forfeited any such argument on appeal. See *Northwest Illinois Area Agency on Aging v. Basta*, 2022 IL App (2d) 210234, ¶¶ 49-51 (plaintiff's failure to identify document it was challenging or allege facts about why it was a "rule" under

Procedure Act "was fatal" to its claim); *Seifert v. Sneckenberg Thompson & Brody, LLP*, 2022 IL App (1st) 200966, ¶ 43 ("arguments not raised in the trial court may not be raised for the first time on appeal").

¶ 43     Plaintiffs' further argument that they did not raise an as-applied claim because the Department's challenged actions also affected other applicants misunderstands the distinction between facial and as-applied claims. A facial claim challenges the statute itself, contending that it is invalid under any set of facts, while an as-applied claim asserts that the statute was unconstitutional as applied to the facts of a particular case. *Guns Save Life, Inc. v. Raoul*, 2019 IL App (4th) 190334, ¶ 44. Plaintiffs' claim that veteran ownership became a requirement to participate in the Tied Applicant Lottery when there were more perfect scores than licenses asserts that the Cannabis Act was unconstitutional as applied under the facts of this case regardless of whether those circumstances also affected other applicants. Plaintiffs had to allege that "no set of circumstances exists under which [section 15-30(c)(9)] would be valid" to state a facial constitutional claim. See *Oswald*, 2018 IL 122203, at ¶ 40. But here, they alleged only that it was unconstitutional when there were more perfect scores than licenses. The circuit court therefore correctly determined that plaintiffs' action did not fall within the Administrative Review Law exception for facial constitutional claims.

¶ 44                                2. Agency Acted Without Jurisdiction

¶ 45     Second, while plaintiffs state at various points in their opening brief on appeal that the Department acted without jurisdiction, they have forfeited any potential argument that this action fell within the Administrative Review Law exception for claims that an agency acted without

jurisdiction by not citing any legal authority to support that position. See *JPMorgan Chase Bank, N.A. v. East-West Logistics, L.L.C.*, 2014 IL App (1st) 121111, ¶ 58 (party's failure "to support its argument with citations to authority *** results in the forfeiture of the argument on appeal"). Regardless, plaintiffs did not allege that the Department lacked authority to conduct the lotteries and award the licenses at issue.

¶ 46    When referring to an administrative agency's authority, "jurisdiction" has three components: "(1) personal jurisdiction—the agency's authority over the parties and intervenors involved in the proceedings, (2) subject matter jurisdiction—the agency's power to hear and determine causes of the general class of cases to which the particular case belongs, and (3) an agency's scope of authority under the statutes." *Business & Professional People for Public Interest v. Illinois Commerce Commission*, 136 Ill. 2d 192, 243 (1989). Here, plaintiffs did not allege that the Department lacked authority over them or to conduct lotteries and award licenses under the Cannabis Act. Nor could they, as the Cannabis Act plainly authorized the Department to take those actions. See 410 ILCS 705/15-25, 15-30, 15-30.20, 15-35, 15-35.10 (West 2022). Plaintiffs therefore cannot avail themselves of the Administrative Review Law exception for actions that challenge an agency's jurisdiction to act, and they have provided this court with no reason to disturb the circuit court's decision to dismiss this action for lack of subject matter jurisdiction.

¶ 47    Because neither exception to the Administrative Review Law applies here, we conclude that the circuit court did not err when it granted defendants' motion to dismiss plaintiffs' action based on lack of subject matter jurisdiction where plaintiffs did not file a timely action for review of the Department's final administrative decision, which was their sole remedy in this case. Since

we affirm the circuit court's dismissal of plaintiffs' complaint under section 2-619 of the Code, we do not address the parties' additional arguments regarding dismissal under section 2-615 of the Code for failure to plead a viable cause of action.

¶ 48                                    C. Leave to Amend Complaint

¶ 49    Plaintiffs argue that the circuit court abused its discretion by dismissing their complaint with prejudice without granting them leave to amend their complaint.

¶ 50    The decision of whether to allow a plaintiff to file an amended complaint rests within the sound discretion of the circuit court and will not be disturbed on appeal absent an abuse of that discretion. *Cahnman v. Timber Court LLC*, 2021 IL App (1st) 200338, ¶ 71. A court abuses its discretion only when its decision is arbitrary or fanciful, or when no reasonable person would take its view. *Seymour v. Collins*, 2015 IL 118432, ¶ 41. The circuit court did not abuse its discretion by not granting plaintiffs leave to amend their complaint because they did not seek permission to amend and, in any event, there were no amendments that could have cured the jurisdictional defect at the heart of their action.

¶ 51    To file an amended complaint, the plaintiff must first seek and obtain the circuit court's permission. *Kerbes v. Raceway Assocs., LLC*, 2011 IL App (1st) 110318, ¶ 14; *Moyer v. Southern Illinois Hospital Service Corp.*, 327 Ill. App. 3d 889, 895 (2002). A plaintiff's right to amend its complaint "is not absolute or unlimited," and the plaintiff "is required to obtain the court's permission to file an amendment." *Johnson v. Ingalls Memorial Hospital*, 402 Ill. App. 3d 830, 839 (2010). The circuit court has no obligation to offer or encourage a plaintiff to amend its complaint, and the court does not abuse its discretion by not granting leave to amend when no

amendment is sought. *Matanky Realty Group, Inc. v. Katris*, 367 Ill. App. 3d 839, 844 (2006). A circuit court also does not abuse its discretion by not granting leave to amend when the plaintiff fails to submit a proposed amended complaint that would cure the defective pleading. *Ignarski v. Norbut*, 271 Ill. App. 3d 522, 532-33 (1995). Here, plaintiffs did not seek leave to amend their complaint or propose amendments that would have cured the jurisdictional defect in their pleading, either before the dismissal or in a motion to reconsider, and the circuit court could not have abused its discretion by not granting a request to amend that was never made.

¶ 52     In addition, the circuit court does not abuse its discretion by denying a plaintiff's request to amend when the proposed amendments would not cure the deficiencies in the complaint. *Westfield Insurance Co. v. Birkey's Farm Store, Inc.*, 399 Ill. App. 3d 219, 236 (2010). By not requesting leave to file an amended complaint, plaintiffs did not propose any amendments to cure the jurisdictional defects in their action. Regardless, there is no amendment that plaintiffs could have made to overcome their failure to file a timely complaint under the Administrative Review Law because that defect was jurisdictional. See *Nudell*, 207 Ill. 2d at 422 (requirement to file a timely complaint under Administrative Review Law is jurisdictional).

¶ 53     We conclude that the circuit court did not abuse its discretion by not granting plaintiffs leave to amend their complaint when they did not seek leave to amend and any amendment would have been futile.

¶ 54                                  III. CONCLUSION

¶ 55     For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 56     Affirmed.